

# The Attorney General of Texas

September 25, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gibson D. (Gib) Lewis
Chairman, House Committee on
   Intergovernmental Affairs
John H. Reagan Building
Austin, Texas 78769

Opinion No. MW-370

Re: Partial vacation of
subdivision plats

Dear Representative Lewis:

You inform us that in 1966 a developer subdivided a tract of land into large lots and filed a subdivision plat which was duly recorded. You further state that the developer also filed and had recorded certain restrictions, covenants, and conditions applicable to lots in the subdivision. One such restriction reads as follows:

> 1. **Minimum Plot Size:**
>
> The plots as shown on the recorded plat, above mentioned, [here there is reference to the plat recording date] <u>may be subdivided into separate lots in a manner approved by the developer.</u> Developer has on file in his office, and may maintain on file there, a plan of such subdivisions of plots, which may be followed by any purchaser; or, a different style of subdivision of a plot may be made with the approval of the developer. (Emphasis added.)

A number of lots in the subdivision were thereafter sold and the buyers were made aware of the restrictions at the time of purchase. One of the purchasers of a five acre lot in the subdivision now wants to further subdivide his lot into three lots under the provision cited above and has obtained the consent for a vacation to allow such resubdivision from all the owners in the subdivision except two.

You ask the following question:

> Does an owner by the purchase of a lot in a subdivision where Deed Restrictions specifically set out further subdivision of those lots as permissible, waive his consent or give a prior consent pursuant to Article 974(a), Section 5 to

the resubdivision of the original subdivision lots?

All purchases of lots in the subdivision were made subject to the plat as filed along with appropriately recorded covenants, restrictions, and conditions. Under the facts submitted, a purchaser of lots in the subdivision has the right to resubdivide upon proper approval of the developer pursuant to the recorded plat, covenants, restrictions, and conditions.

We note that in cases in which replatting is required pursuant to Article 974(a), V.A.T.S., the 67th Legislature passed Senate Bill No. 767 amending Section 5 of Article 974(a) which considerably modifies the procedure for vacating a plat.

### S U M M A R Y

Under the facts submitted, a purchaser of lots may resubdivide upon proper approval pursuant to the recorded plat, covenants, restrictions, and conditions.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by John W. Fainter, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman